Citation Nr: 1532795 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 10-35 684 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for stuttering.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. S. Kelly, Counsel 


INTRODUCTION

The Veteran, who is the appellant, served on active duty from June 1989 to June 2009. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating determination of the Department of Veterans Affairs (VA) Regional Office (RO) located in Waco, Texas. 

In December 2013, the Veteran testified at a hearing before the undersigned Veterans Law Judge via video teleconference. A transcript of the hearing has been associated with the record.

In April 2014, the Board remanded this matter for further development. Unfortunately, as will be discussed below, additional development is required. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ) via the Appeals Management Center in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran contends that she had a stuttering condition as a child, which resolved with speech therapy. She further contends that stressful work and personal conditions in service caused her stuttering condition to return. A stuttering condition is noted on the Veteran's November 1988 report of medical examination on entrance into active duty service.

Treatment records reveal that the Veteran sought treatment for stuttering in January 1999. In an August 2003 treatment record, it was noted that the Veteran complained of stress at work and was "stuttering until relaxed". In February 2004, the Veteran sought help for stuttering during phone conversations, with a notation that the Veteran's childhood speech disorder had been resolved.

In December 2011, the Veteran was afforded a VA psychology examination to assist in determining whether her stuttering was aggravated by her service. The examiner indicated that the claimed condition was less likely than not proximately due to or the result of a service-connected condition. The examiner noted that a Report of Medical History, dated in November 1994 and signed by the Veteran, indicated that the Veteran had had a stuttering condition since childhood. Stuttering was thus not secondary to any service-connected condition that may exist since stuttering would have pre-dated the development of such condition.

In the April 2014 remand, the Board noted that the December 2011 VA examiner did not address the question of aggravation. As a result, the VA examination was found to be inadequate and another VA examination was requested. 

The Board requested that the Veteran be afforded a VA examination to ascertain the current nature and etiology of her stuttering condition. The examiner was requested to (a) determine whether there was a current diagnosis of stuttering, and; (b) render an opinion regarding whether a current disability manifested by stuttering clearly and unmistakably pre-existed service and, if so, whether the evidence was clear and unmistakable that it was not aggravated during, or as a result of, her service. If aggravation was found, the examiner was to address whether the permanent increase in severity was due to the normal progression of the disorder, whether such worsening constituted chronic aggravation of the disorder due to service, or whether the stuttering was aggravated by service thereby resulting in a superimposed speech disability. The examiner was to specifically reconcile the opinion with a January 1999 speech pathology clinic record showing that the Veteran sought treatment for stuttering, an August 2003 service treatment record showing that the Veteran complained of stress at work and was "stuttering until relaxed," and a February 2004 service treatment record showing that the Veteran sought help for stuttering during phone conversations, and noting that the Veteran's childhood speech disorder had been resolved.

The Veteran was afforded the requested VA examination in March 2015. Following examination, the examiner opined that the claimed condition, which clearly and unmistakably existed prior to service, was clearly and unmistakable not aggravated beyond its natural progression by an in-service event, injury, or illness. 

As rationale to support the opinion, the examiner stated that stuttering was both a physical and emotional response to stress. The examiner noted that the Veteran reported that she always stuttered when stressed. The examiner indicated that the Veteran continued to stutter and much of her stress was internally caused. She was noted to have been transferred over and over again due to her inability to get along with people. Therefore, across situations and supervisors she continued to have problems. The examiner stated that stuttering was a specific neurodevelopment disorder where the onset of symptoms occurred in the early development period. The examiner indicated that with time and training a certain level of control occurred (and that is how the issue is "resolved"). The examiner noted that when stressed, inhibitors broke down and the individual stuttered. It was not the cause of the stressor, it was the result of the stressor. The examiner also noted that the Veteran had a head injury in the 1990's which could also impact brain integrity. The examiner observed that the PA who diagnosed stuttering was diagnosing a medical condition not a psychological condition. The examiner stated that in reviewing the Veteran's record and her description of her service career, the most appropriate diagnosis was a generalized anxiety disorder. The examiner stated that it would appear that her stress was caused by a chronic adjustment to all situations rather than a specific in-service injury, event, or illness. 

While the examiner provided an opinion, the examiner also appeared to raise the issue of a possible relationship between the stuttering condition and stress caused by chronic adjustment to all situations. In this regard, the Board notes that service connection is currently in effect for PTSD and an adjustment disorder with depressed mood and anxiety, rated as 30 percent disabling. The examiner did not address the question of whether the Veteran's service-connected PTSD and an adjustment disorder with depressed mood and anxiety aggravated her current stuttering. Service connection may be granted for disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310 (2014); Allen v. Brown, 7 Vet. App. 439, at 448 (1995). As such, an additional VA examination is warranted.

Accordingly, the case is REMANDED for the following action:

1. If available, return the record to the March 2015 VA examiner. Following a thorough review of the record, the examiner is requested to offer the following opinions:

(a). Is it as likely as not (50 percent probability or greater) that any current stuttering is caused by the service-connected PTSD with adjustment disorder with depressed mood and anxiety?

(b) If not, is it at least as likely as not (50 percent probability or greater) that any current stuttering is aggravated (permanently worsened) by the service-connected PTSD with adjustment disorder with depressed mood and anxiety? If aggravation is found, to the extent that is possible, the examiner is requested to provide an opinion as to approximate baseline level of severity of the nonservice-connected disorder before the onset of aggravation.

Complete detailed rationale is requested for each opinion that is rendered.

2. Following the completion of the above to the extent possible, the RO should readjudicate the remaining claim on appeal. If the benefit sought on appeal remains denied, the Veteran and her representative should be furnished a supplemental statement of the case, and should be given the opportunity to respond thereto before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
K. J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).